IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BEANS & ROCKS, LLC, a Washington Limited Liability Company,<br><br>Plaintiff;<br><br>vs.<br><br>PACIFIC COUNTY, WASHINGTON, a Washington municipal entity; KAREN BANNISH, an agent of Pacific County, Washington, and MATERIALS TESTING & CONSULTING, INC., a Washington Corporation<br><br>Defendants. | No.: 2:21-cv-973<br><br>**COMPLAINT FOR DAMAGES**<br><br>**Violation of Civil Rights and Related State Torts**<br><br>**42 USC § 1983 *et seq* (Violation of Equal Protection and Procedural Due Process Rights), Tortious Interference with Business Advantage, Negligent Supervision (Public Defendants), Negligence (MTC)**<br><br>**JURY TRIAL DEMANDED** |

MAY IT PLEASE THE COURT, COMES NOW PLAINTIFF BEANS & ROCKS LLC and alleges truthfully as follows:

**PARTIES**

1. Plaintiff, at all relevant times, has owned and operated a rock quarry in Pacific County, WA. The company's quarry business has been in operation for two generations and since the 1980s.

2. Defendant Pacific County (by and through its Department of Public Works) is, and at all relevant times has been, a regulatory authority having oversight over county-level and publicly-financed road construction and improvement projects in and around Pacific County, Washington.

3. Defendant Karen Bannish, at all relevant times, has been a Pacific County Senior Engineering Technician for the Department of Public Works.  She has been primarily responsible for the exercise of regulatory authority with regard to relevant road projects, and in that capacity, has been in position to (and has) affected Plaintiff's business interests.

4. Defendant Materials Testing & Consulting, Inc. (MTC) is, and at all relevant times has been a Geotechnical Engineering firm that performs materials testing services.  MTC is the company that Defendants Pacific County and Bannish hired, and which improperly sampled Plaintiff's rock fill from the roadway (where it was already compacted), as opposed to taking such a sample from a stockpile at Plaintiff's quarry.

## COMMON ALLEGATIONS

5. On or about September of 2020, Plaintiff provides a quote for the provision of CSTC (rock suited for a particular road-building purpose) to contractors for a Pacific County road construction projects - the "Heckard Road Project."  Pacific County – by and through its agent Materials Testing & Consulting, Inc. (MTC) had approved the same CTSC for use in a similar project in July of 2019.

6. On March 3 of 2021, the Washington State Department of Transportation (WSDOT) approves the rock from Plaintiff's quarry for a period of 5 years, for up to nine different uses, including the relevant use of Crushed Surfacing Base Course (CSBC).

7. Three days later, Rosalyn Erickson notifies Defendant Bannish that Plaintiff's quarry is listed on WSDOT's ASA database as an approved source for materials.  Defendant Bannish responds to Ms. Erickson: "Great job!!!!! That's awesome news for you! Take care."

8. Despite acknowledging WSDOT's listing of Plaintiff's quarry as an approved source of materials only a week earlier, Defendant Bannish writes Plaintiff and states:

"WSDOT Local Program who are overseeing this Federal Aid Project have indicated that Pacific County needs to take samples to verify the base course and top course to meet specifications. The samples will have a sieve analysis, sand equivalent (SE) and percent fracture testing.

9. Plaintiff notifies project contractor Gill Construction that the county can test the material the following week. Pacific County, however, never comes to the quarry to test. Mike Williams – Project Engineer for WSDOT (Washington State Department of Transportation) approved the RAM (Request for Approval of Materials) on March 17, 2021 [meaning that WSDOT had pre-authorized the use of the material in question from Plaintiff's quarry], stating that the materials are approved on the basis of "satisfactory test results" that Plaintiff had provided in an email to Gill Construction, which Matt Gill had forwarded to Pacific County. At the time of the RAM, the relevant tests are less than a month old, and have been completed by the reputable civil engineering firm of Krazan & Assoc. in February of 2021.

10. On or about April 13-14 of 2021, Defendant MTC comes to the job site (not to Plaintiff's quarry) on behalf of Defendants Pacific County and Bannish, and take a sample from a graded roadway. Matt Gill of Gill Construction witnesses MTC's sampling of rock from the roadway. The material in the graded roadway is already compacted, and as such differs in a number of important physical parameters from material in stockpile in a rock quarry. MTC's sampling of material from a graded roadway (rather than from a pre-compaction stockpile). Rosalyn Erickson (Plaintiff's owner) forwards MTC's results to Jeff Mercer of Krazan & Assoc, who states that based upon information from the test results, he can tell that MTC did not properly sample the material.

11. On April 15, MTC reports that the material taken from the graded roadway (CBSC) fails the "sieve analysis." MTC comes to Plaintiffs quarry that same day, April 15th to sample the CSTC. At this time, Pacific County has not notified Gill Construction of the failing result.

12. On April 19, Gill Construction owner Matt Gill contacts Rob Kimble of Pacific County Department of Public

Works, and it was then that Mr. Gill was informed of the failing result. Pacific County did not contact Mr. Gill at any time between the 15th-19th to tell him the material had failed.

13. On April 20, Matt Gill follows up with the County, informing Defendants that:

    **Specification(s) dictate that material be sampled at the place of origin because material will sample differently after they have been graded and compacted for two days."**

    Gill Construction offers to the county that Gill take a representative sample of the materiel at the quarry where the stockpile designated for Heckard Rd. Project is, stating that county's sampling was not in accordance with WSDOT spec. Pacific County does not respond to this offer.

14. On April 22, Matt Gill informs the County of the specific regulatory authority that Defendants violated by sampling rock from the compacted roadway (AASHTO R 90, which WSDOT adopted as to how samples are to be procured). The County does not recant its position.

15. That same day, April 22, Gill Construction inform Plaintiff that they've had to remove all of Plaintiff's CSBC rock fill from the roadway, and that Gill wanted to return this material to Plaintiff's quarry. Plaintiff is not in position to take back the rock.

16. About a week later, on April 28, Gill Construction informs Plaintiff that they would pay a private state-certified lab to come back and test the materials out of Plaintiff's stockpile (properly). Krazan & Assoc, however, advise Mr. Gill against testing the materials that had been removed from the roadway, as they will have been compacted, graded, and contaminated with clay materials from the road's sub-grade.

17. Matt Gill also asks Ms. Erickson if Plaintiff has quarry spalls (a different type of rock)

available, but states he's nervous that the county won't allow him to use it, since it would be coming from Plaintiff's quarry.  Mr. Gill adds that before he can purchase any more products from Plaintiff, he would require that Pacific County approve Plaintiff's rock products on visual inspection.  Ultimately, Gill Construction buys the Quarry Spalls from Beans & Rocks (Plaintiff), but purchases all other materials for the project from another quarry.

18. Karzan & Associates performs further testing on Plaintiff's CSBC stockpile.  The material passes the sieve analysis/proctor tests.  Krazan notes that said tests yielded almost an identical proctor result (as compared to the sample taken from the roadway), but a different sieve analysis result.

19. On May 21 of 2021, Defendant Pacific County writes Plaintiff's counsel and denies wrongdoing, stating

> "While your client's quarry is ASA certified, which is what the RAM indicates, that does not eliminate the requirement for further testing at the site. MTC is a certified WSDOT testing contractor and they confirm that the samples were taken appropriately and not after compaction as you indicate in your letter.

> The letter does NOT state how, supposedly, the "samples were taken appropriately."

20. Pacific County is a small community, and virtually all business people involved in the excavation, quarrying, and road-construction sector are well known to each other.  Defendants' conduct proximately caused Plaintiff significant damages, including reputational injury and loss of business advantage.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction over this dispute per 42 USC § 1983 *et seq*.

22. The various persons and entities named as Defendants herein, as alleged, have at all relevant times been "[person(s)] who, under color of any statute, ordinance, regulation, custom, or usage, of [the State of Washington, and who, subjected, or caused to be subjected], [a] citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

rights, privileges, or immunities secured by the Constitution and laws, and are therefore to be liable to the party injured in an action at law." 42 USC § 1983. Accordingly, this Court has personal jurisdiction over each of the named Defendants.

23. Venue is proper in the Western District of Washington as the acts and omissions at issue occurred therein.

## CONDITIONS PRECEDENT

24. All conditions precedent have been performed or have occurred.[1]

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF - Violation of 42 U.S.C. § 1983

25. Plaintiffs reallege the preceding paragraphs 1-24 in their respective entireties, and restate the same herein.

26. Defendants Bannish and Pacific County, at all material times, acting under the color of state law, county rule and custom, deprived Plaintiff of rights secured by the Constitution of the United States. Namely, said Defendants violated Plaintiff's rights to equal protection of law and to procedural due process of law (both guaranteed under the 5th Amendment of the US Constitution, as applied to the Several States through the 14th Amendment) by acting without rational basis in conducting the sampling of Plaintiff's rock fill, and in a manner[2] that violated applicable Washington regulatory law. In so doing, Defendants subjected Plaintiff to adverse treatment that was arbitrarily and materially different from the treatment to which other similarly-situated rock quarry operators (on information and belief) were subjected

27. Defendants' violations of Plaintiff's Constitutional Rights as detailed above, proximately

---

[1] *See* FRCP 9. In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.
[2] Defendants collected said sample off the roadway and in compacted form, instead of from a stockpile at Plaintiff's quarry per usual methodology.

caused Plaintiff significant damages, including reputational injury and consequent economic loss, in amounts to be established at trial.

28. Plaintiffs are entitled to their attorney fees reasonably incurred in the pursuit of these claims.

**SECOND CLAIM FOR RELIEF – Tortious Interference with Economic Advantage**

29. Plaintiffs reallege the preceding paragraphs 1-28 in their respective entireties, and restate the same herein.

30. At all relevant times, plaintiffs had reasonable expectations of future contracts with developers, excavators, and contractors in Pacific County. These included Gill Construction, and Sea Construction.

31. Absent Defendant's interference, Plaintiff reasonably anticipated the aggregate value of such business advantage, for the foreseeable future, to amount to at least several hundred thousand to potentially millions of dollars.

32. Defendant's conduct directly and proximately caused the effective blacklisting of Plaintiff's quarry in the local business community. In this manner, Defendants' conduct, as alleged above, directly and proximately interfered with the plaintiffs' economic advantage, gained from years of good work and positive experiences between Plaintiff and these developers, contractors, and excavators. This has caused Plaintiff damages in amounts to be established at trial.

**THIRD CLAIM FOR RELIEF - NEGLIGENCE - (Against All Defendants)**

33. Plaintiffs reallege the preceding paragraphs 1-32 in their respective entireties, and restate the same herein.

34. At all relevant times, all Defendants had a duty to treat Plaintiff and other similarly-situated persons and companies with ordinary care.

35. Defendant MTC, functioning as agent to Defendants Pacific County, violated that duty by improperly taking a sample of Plaintiff's rock from a graded roadway that has been compacted.  Defendant Pacific County is responsible for MTC's negligence by function of the doctrine of *respondeat superior*.

36. Said negligence proximately caused resulting injury to Plaintiff, in the form of damages to reputation and business advantage, in amounts to be established at trial.

WHEREFORE, Plaintiffs pray for civil judgment in its favor and awarding the following relief:

a.  For plaintiffs' economic damages in amounts to be established at trial,

b.  For a recover of Plaintiff's attorney fees reasonably incurred in the pursuit of these claims;

c.  For reasonable pre-judgment and post-judgment interest,

d.  For all allowable costs and disbursements,

e.  and such other legal and/or equitable relief that the Court deems just and proper.

DATED this 20th of July, 2021.

NW Business Law LLC

By: _____
Eric K. Helmy, WSBA #43554
Of Attorneys for Plaintiffs

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Page 9

NW Business Law LLC
1700 7th Ave. #2100
Seattle, WA 98101
(206) 209-0069
www.nwbizlaw.com