UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BEANS & ROCKS LLC,<br><br>　　　　　　　Plaintiff,<br>　v.<br>PACIFIC COUNTY, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 3:21-cv-05528-DGE<br><br>ORDER ON DEFENDANTS' MOTIONS TO DISMISS (DKT. NOS. 7, 21) AND PLAINTIFF'S CROSS MOTION AND REPLY (DKT. NO. 23) |

**I.　　INTRODUCTION**

This matter comes before the Court on the Motions to Dismiss of Defendant Karen Bannish (Dkt. No. 7) and Pacific County (Dkt. No. 21) as well as Plaintiff's Cross Motion and Response (Dkt. No. 23) and Plaintiff's Response to the Courts Order regarding futility of amendment. (Dkt. No. 27.)  Having considered the pleadings filed in support of and in opposition to the motions and the remainder of the record, the Court hereby DISMISSES Plaintiff's Due Process and Equal Protection claims and DECLINES to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for the reasons discussed herein.

## II.   BACKGROUND

### A. Factual Background

Plaintiff operates a rock quarry business in Pacific County, WA (the "County"). (Dkt. No. 1 at 1.) The County undertook a road construction project referred to as the "Heckard Road Project" (the "Project"). (*Id*. at 2.) The County hired non-party Gill Construction to complete the Project. (*Id*. at 3.) Defendant Karen Bannish worked at the County as a Senior Engineering Technician and was involved with the hiring of contractors and suppliers for the Project. (*Id*. at 2.)

Having been previously approved by the Washington State Department of Transportation for various uses, including for the types of materials used in the upcoming Project, Plaintiff sought to have materials from its quarry tested in order to be considered as a supplier for the Project. (*Id*. at 2–3.)

Defendant Materials Testing & Consulting, Inc. ("MTC") was hired by the County to test materials from Plaintiff's quarry to see if the materials met specifications for the Project. (*Id*. at 2.) As Plaintiff alleges, on the date of the testing of the materials, MTC came by a job site that Plaintiff's materials were being used at and took a sample from a graded roadway. (*Id*. at 3.) As Plaintiff alleges, the material in the graded roadway had already been compacted and differed in a number of ways from the materials at Plaintiff's quarry. (*Id*.) Days later, MTC told Plaintiff that the sampled materials failed one of the tests and as a result, Plaintiff was informed that it could not be the supplier of materials for the Project. (*Id*. at 3–4.) Plaintiff has brought this action against the County, MTC, and Defendant Karen Bannish seeking damages.

### B. Procedural Background

Plaintiff filed its Complaint on July 20, 2021. (Dkt. No. 1.) On November 1, 2021, Defendant Karen Bannish moved to dismiss. (Dkt. No. 7.) Plaintiff did not file a response. On January 25, 2022, Defendant Pacific County moved to dismiss for failure to state a claim. (Dkt. No. 21.) In response to Defendant Pacific County's motion, Plaintiff filed its "Cross Motion and Response" which the Court construed as a motion for leave to amend. (Dkt. No. 23.) Plaintiff attached its Proposed Amended Complaint to the motion. (Dkt. No. 23-1.) After Defendants Pacific County and Karen Bannish filed their Reply to Plaintiff's Motion, (Dkt. No. 24) the Court issued a Minute Order asking Plaintiff to explain why its proposed amendments would not be futile. (Dkt. No. 25.) Plaintiff responded on March 18, 2022 (Dkt. No. 27) (the "Response"), to which Defendant Pacific County filed its response. (Dkt. No. 29.)

### III. DISCUSSION

#### A. Standard of Review

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.* "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all facts alleged in the complaint as true and makes all inferences in the light most

favorable to the non-moving party. *Baker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Absent facial plausibility, a plaintiff's claims must be dismissed. *Id.* at 570.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend "when justice so requires." Five factors are typically considered when assessing the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Futility alone can justify the denial of a motion for leave to amend. *Id.* (citations omitted).

Leave to amend may be denied where a proposed amended pleading "either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015) (quoted source omitted); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (the general rule allowing amendment of pleadings "does not extend to cases in which any amendment would be an exercise in futility, . . . or where the amended complaint would also be subject to dismissal[.]")

### A. Plaintiff Fails to Identify an Interest Protected by the Due Process Clause

The Due Process Clause of the Fourteenth Amendment states, "[Nor] shall any State deprive any person of life, liberty, or property without due process of law." *Sagana v. Tenorio*, 384 F.3d 731, 742 (9th Cir. 2004) (citing U.S. CONST. amend. XIV, § 1). To state a substantive or procedural due process claim, a recognized property or liberty interest at stake must be identified. *Guzman v. Shewry*, 552 F.3d 941, 953 (9th Cir. 2009). Property interests are not created by the Constitution itself, but rather are "defined by existing rules or understandings that stem from an independent source such as state law." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). "But the range of interests protected by procedural due process is not infinite." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569–570 (1972).

Plaintiff argues that Defendants' interference with its opportunity to supply the materials for the Project resulted in lost profits to Plaintiff. Specifically, Plaintiff's Proposed Amended Complaint argues that Defendants have "deprived Plaintiff of a constitutionally-protected property interest, namely, the annual operating profits to which Plaintiff had a legitimate entitlement, as demonstrated by its lengthy and successful operating history." (Dkt. No. 23–1 at 10–12.) However, Plaintiff has not cited any authority recognizing a property interest in potential future profits. Indeed, the Ninth Circuit has found no property interest in future profits when the parties are actually in contract, let alone when the parties are not in contract. *San Bernardino Physicians' Servs. Med. Grp., Inc. v. San Bernardino Cty.*, 825 F.2d 1404, 1410 (9th Cir. 1987) (holding that a government contractor did not have a property interest in performance on existing contracts with the government).

1    In its Response, Plaintiff alternatively states that Plaintiff has a liberty interest in pursuit

2 of its business.[1]  (Dkt. No. 27 at 1.)  Specifically, Plaintiff appears to argue that it has a protected

3 right to choose its occupation.  (*Id*. at 1-2.)  However, the law is clear that not being hired for a

4 particular job, "but remain[ing] as free as before to seek another" is not a deprivation of a

5 constitutionally protected liberty interest.  *Roth*, 408 U.S. at 575.  Even the cases Plaintiff cites in

6 support of its position recognize that a complete prohibition on one's ability to pursue an

7 occupation is required to show a deprivation of a protected liberty interest.  *Jones v. City of*

8 *Modesto*, 408 F. Supp. 2d 935, 951 (E.D. Cal. 2005) (citing *Dittman v. California,* 191 F.3d

9 1020, 1029 (9th Cir.1999)).

10    Plaintiff here has made no allegation that it no longer can operate as a rock quarry or

11 apply for future contracts.  Plaintiff does make the allegation that it has suffered reputational

12 harm as a result of not being awarded the Project contract, however reputational injury is not a

13 protected liberty.  *Paul v. Davis*, 424 U.S. 693, 712 (1976) ("petitioners' defamatory

14 publications, however seriously they may have harmed respondent's reputation, did not deprive

15 him of any 'liberty' or 'property' interests protected by the Due Process Clause.").

16    Thus, as Plaintiff has failed to allege a recognized property or liberty interest at stake,

17 Plaintiff has failed to adequately allege due process claims.  Therefore, the Court DISMISSES

18 Plaintiff's substantive and procedural due process claims for failure to state a claim.

19    **B. Plaintiff Fails to State a Claim for Violation of the Equal Protection Clause**

20    To state a 42 U.S.C. § 1983 claim "for a violation of the Equal Protection Clause of the

21 Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose

22

23 ───────────
[1] Although the Court is required to only look at the pleadings, in an abundance of caution, the Court will address this argument.

24

ORDER ON DEFENDANTS' MOTIONS TO DISMISS (DKT. NOS. 7, 21) AND PLAINTIFF'S CROSS MOTION AND REPLY (DKT. NO. 23) - 6

to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (citations and quotations omitted).  Where such an equal protection claim does not involve a protected class, a claim may arise under a "class of one" theory where the plaintiff claims that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Here, Plaintiff alleges it has been treated differently than "other similarly-situated rock quarry operators." (Dkt. Nos. 23–1 at 12–13, 1 at 6.)  This is not a protected class.  Nor has Plaintiff provided support for this claim by alleging that Defendants treated Plaintiff differently than similarly situated individuals.  Plaintiff's Proposed Amended Complaint compares its treatment to the treatment of a competitor on the "South Fork Rd. project", however Plaintiff fails to explain how the competitor is similarly situated to Plaintiff. (Dkt. No. 23–1 at 8.)  As an implicit recognition of the futility of the Proposed Amended Complaint, Plaintiff's Response appears to propose additional future amendments to its pleadings where it could make such allegations. (Dkt. No. 27 at 2.)

However, even if the Court granted leave to amend to file a second proposed amended complaint, amendment would be futile.  To avoid turning every government decision into a constitutional case, the Supreme Court narrowed the availability of the class-of-one claim in *Engquist v. Or. Dep't of Agric.,* 553 U.S. 591 (2008). In *Engquist,* the Court held that "the class-of-one theory of equal protection has no application in the public employment context" because to treat like employees differently does not violate the equal protection clause; rather, it is an accepted consequence of "the broad discretion that typically characterizes the employer-employee relationship."  553 U.S. at 605.  The Court held that the employment decision

in *Engquist* was "subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify." *Id.* at 604. By contrast, the prototypical class-of-one case, exemplified in *Olech,* relies on "the existence of a clear standard against which departures, even of a single plaintiff, could be readily assessed." *Id*. at 602.

In strikingly similar facts to the present case, the Eleventh Circuit extended the reasoning in *Engquist* to government contractors, *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1274 (11th Cir. 2008), which other courts in this circuit have recognized. *See, e.g.*, *Chandola v. Seattle Hous. Auth.*, 2014 WL 4540024, at *1 (W.D. Wash. Sept. 11, 2014); *Mountain Cascade Inc v. City & Cty. of San Francisco*, 2013 WL 6069010, at *5 (N.D. Cal. Nov. 18, 2013); *Mazzeo v. Gibbons*, 2010 WL 4384207, at *7 (D. Nev. Oct. 28, 2010), *aff'd sub nom. Mazzeo v. Young*, 510 F. App'x 646 (9th Cir. 2013).

In *Douglas Asphalt Co.*, the plaintiff, a highway paving contractor, argued the asphalt mix it utilized to resurface roadways was subjected to "knowingly . . . false and inaccurate tests . . . and that the tests had never 'been used for this purpose in the known universe.'" 541 F.3d at 1272. The Eleventh Circuit concluded, "[w]e have little trouble applying the reasoning in *Enquist*, directed at [] the government-employee relationship, to the circumstances in this case involving a government-contractor relationship." *Id*. at 1274. "Just as in the employee context, and in the absence of a restricting contractor statute, decisions involving government contractors require broad discretion that may rest 'on a wide array of factors that are difficult to articulate and quantify.'" *Id*. (quoting *Enquist*, 553 U.S. at 604). The Eleventh Circuit then held the plaintiff contractor failed to assert a cognizable right to equal protection. *Id.*

The result here is the same. Plaintiff fails to state a cognizable equal protection claim against Defendants Pacific County and Karen Bannish because of their government-contractor

ORDER ON DEFENDANTS' MOTIONS TO DISMISS (DKT. NOS. 7, 21) AND PLAINTIFF'S CROSS MOTION AND REPLY (DKT. NO. 23) - 8

relationship.  Though Plaintiff alleges Defendants failed to follow specific Washington State Department of Transportation regulatory authority for sampling material (Dkt. No. 23-1 at 4), Plaintiff fails to explain how even if Defendants followed the alleged regulations Plaintiff would have been required to be chosen as the supplier for the Project.  Again, government entities are given broad discretion over decisions involving government contractors because those decisions may rest on "a wide array of factors that are difficult to articulate and quantify." *Douglas Asphalt*, 541 F.3d at 1274.  There are numerous reasons why one government contractor is chosen over another, and courts are not in a proper position to review such decisions.

Therefore, the Court finds that Plaintiff has failed to state a cognizable claim for a violation of the Equal Protection Clause and its claim is DISMISSED WITH PREJUDICE.

### C. The Court Will Not Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims

Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims if: (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal citations omitted).

Having dismissed Plaintiff's federal claims, the Court concludes the values of economy, convenience, and fairness may well be served by this Court's declining to exercise supplemental jurisdiction over the remaining claims.  *See Acri*, 114 F.3d at 1001.  Further, because state courts

ORDER ON DEFENDANTS' MOTIONS TO DISMISS (DKT. NOS. 7, 21) AND PLAINTIFF'S CROSS MOTION AND REPLY (DKT. NO. 23) - 9

have a strong interest in enforcing their own laws, *see Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 352 (1988), the value of comity is served by this court declining jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and these claims are DISMISSED WITHOUT PREJUDICE.

**D. Further Leave to Amend Not Warranted**

As the Court previously explained, leave to amend shall not be granted if the amendment would also be subject to dismissal. *Steckman*, 143 F.3d at 1298. Here, the Court reviewed Plaintiff's Proposed Amended Complaint in coming to its decision to dismiss Plaintiff's Due Process claim. *See infra* Part. III. Furthermore, in its Response, Plaintiff revised its arguments again, changing its arguments from a property interest to a liberty interest. (Dkt. Nos. 23 at 11-12, 27 at 1-2.) The Court considered this argument, despite it not being in any pleading, and came to the same conclusion that Plaintiff failed to state a claim.

Similarly, the Court reviewed the additional allegations Plaintiff offered in support of its equal protection claim. (*See* Dkt. 27 at 2.) However, because the class of one theory is inapplicable in the government-contractor relationship, any additional amendment would remain futile.

The Court declines to grant Plaintiff leave to amend again, which essentially would allow Plaintiff a fourth opportunity to plead its claims. Therefore, the Court finds that Plaintiff's due process and equal protection claims are dismissed WITH PREJUDICE.

## IV.     CONCLUSION

Accordingly, and having considered the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Plaintiff's Federal Claims are DISMISSED WITH PREJUDICE and Plaintiff's remaining state law claims are DISMISSED WITHOUT PREJUDICE.

1. Plaintiff's Cross Motion is DENIED. (Dkt. No. 23)
2. This Order resolves the following motions: Dkt. Nos. 7, 21, and 23.
3. This case is closed.

Dated this 19th day of April 2022.

David G. Estudillo
United States District Judge